FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ SEP 29 2015 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID LERNER,

                          Plaintiff,

      -against-

HUGH M. CONNERTY, JR., CHRIS T.
SULLIVAN, CONSUL PARTNERS, LLC, and
BESITO, LLC,

                          Defendants.
-----------------------------------------------------------------X

ORDER

CV 14-5510 (LDW) (GRB)

WEXLER, District Judge:

Plaintiff, David Lerner ("Plaintiff"), brings this diversity action against the Defendants, Hugh M. Connerty, Jr. ("Connerty"), Chris T. Sullivan ("Sullivan"), ConSul Partners, LLC ("ConSul"), and Besito, LLC ("Besito"), alleging claims for breach of contract, promissory estoppel, defamation, tortious interference with business relations, fraud and unjust enrichment. The action arises out of a business relationship to develop various national restaurant concepts that soured. Defendants move to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion.

As alleged in the Complaint, Plaintiff, a broker, had a long-standing relationship with Defendant Connerty, going back more than twenty years (Compl. ¶¶ 9-10.) Starting in 2011, Plaintiff and Connerty began discussing building a restaurant company together and Defendant Sullivan was brought into the venture. In 2013, Connerty and Sullivan formed ConSul.[1] (Compl. ¶ 14.) Throughout 2013, Plaintiff worked with Connerty and Sullivan to identify

---

[1] Defendants Connerty and Sullivan both have a long and prosperous history in the restaurant industry. (Compl. ¶¶ 11, 13.)

-1-

restaurant properties to develop. The parties ultimately decided upon Besito, a restaurant chain that, at that time, had locations in New York and Connecticut. (Compl. ¶¶ 10, 14-16.) Plaintiff's role was to acquire investors and raise capital to establish new Besito restaurants. In exchange for his contributions, Plaintiff was to be given an equity interest in an entity known as ETDF Partners, which owned sixty percent of ConSul. (Compl. ¶¶ 18-21.) The Besito transaction closed in December 2013; however, Plaintiff was not provided an equity interest in ETDF Partners or any other entity. (Compl. ¶¶ 50-51, 57-58.) In addition, Plaintiff has only received partial reimbursement for the expenses he incurred in assisting Defendants in their efforts to establish new Besito locations. (Compl. ¶ 67.)

In determining the sufficiency of the Complaint, the Court assumes that all of the allegations contained therein are true and draws all reasonable inferences in Plaintiff's favor, see Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007), mindful, however, that plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Upon consideration, the Court finds that Plaintiff's Complaint is sufficient to state a plausible claim for breach of contract, promissory estoppel, defamation, tortious interference with business relations, fraud and unjust enrichment.

Accordingly, Defendants' motion to dismiss is denied.

**SO ORDERED:**

Dated: Central Islip, New York
      September 29, 2015

                                        s/ Leonard D. Wexler
                                        LEONARD D. WEXLER
                                        United States District Judge